IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WOODBOLT DISTRIBUTION, LLC d/b/a WOODBOLT INTERNATIONAL and CELLUCOR, <br><br> Plaintiff, <br><br> v. <br><br> NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No. 11-1266 GMS |

### MEMORANDUM

### I. INTRODUCTION

On December 21, 2011, the plaintiff, Woodbolt Distribution, LLC ("Woodbolt"), filed this action for a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,067,381 (the "'381 Patent") against Natural Alternatives International, Inc. ("NAI") and Compound Solutions, Inc. ("Compound"). (D.I. 1.) Later that same day, NAI filed a patent infringement suit in the United States District Court for the Southern District of Texas against Woodbolt and two of its manufacturers for infringing the '381 Patent.[1] (D.I. 13 at 4.)

On January 11, 2012, NAI moved to dismiss this action or, in the alternative, transfer the case to the Southern District of Texas. (D.I. 6.) Woodbolt then voluntarily dismissed Compound from the case on February 3, 2012. (D.I. 16.) On February 12, Woodbolt filed its First Amended Complaint, (D.I. 21), and, in response, NAI filed a second motion to dismiss the

---

[1] The Texas action is titled *Natural Alternatives Int'l, Inc. v. Woodbolt Distribution, LLC*, No. 11-cv-04511.

amended complaint or, in the alternative, transfer to the Southern District of Texas, (D.I. 23). Rather than initiate another round of briefing, NAI incorporated by reference the earlier briefing on its first motion to dismiss or transfer. (D.I. 23.) NAI's second motion to dismiss or transfer is presently before the court, and, for the reasons that follow, the court will grant that motion and order that this declaratory judgment action be dismissed.

## II. BACKGROUND

Woodbolt is a Texas corporation with its principal place of business in Bryan, Texas. (D.I. 21 at 2.) Woodbolt produces and sells nutritional food supplements, including supplements containing the amino acid beta-alanine. (*Id.*) NAI is a Delaware corporation headquartered in San Marcos, California. (*Id.*) NAI owns the '381 Patent and sells beta-alanine under the trademarked name "CarnoSyn." (*Id.*)

## III. STANDARD OF REVIEW

### A. Discretionary Dismissal of Declaratory Judgment Actions

28 U.S.C. § 2201(a) grants district courts the jurisdiction to entertain declaratory judgment actions under certain circumstances. Specifically, the statute provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28. U.S.C. § 2201(a). Yet, "even if a case satisfies the actual controversy requirement, there is no absolute right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances." *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). Indeed, the Supreme Court has

2

suggested that district courts have particularly broad discretion in this area, *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (noting courts' "unique breadth of . . . discretion to decline to enter a declaratory judgment"), and the Federal Circuit likewise has recognized that "special flexibility is called for in the declaratory judgment context, where 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration,'" *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 814 (Fed. Cir. 1996) (quoting *Wilton*, 515 U.S. at 289). In deciding whether to exercise this discretion and dismiss a declaratory judgment action, courts are instructed to consider "whether [their] investment of time and resources will be worthwhile." *Serco Servs. Co.*, 51 F.3d at 1039.

The court's discretion, however, is not absolute. The decision to dismiss a declaratory judgment action cannot be predicated upon "whim or personal disinclination." *EMC Corp.*, 89 F.3d at 813 (quoting *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Additionally, an action may not be dismissed "merely because a parallel patent infringement suit was subsequently filed in another district; to take such action without any other reasons . . . would be contrary to the general rule favoring the forum of the first-filed action." *Id.* The Federal Circuit has long recognized this "first-filed" rule, which stands for the proposition that, "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."[2] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *see also Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-462-GMS, 2012 WL 3777423, at *1 (D. Del. Aug. 30, 2012). This doctrine,

---

[2] Federal Circuit law, rather than the law of the regional circuits, governs the application of the first-filed rule in patent infringement actions. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005); *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)

which is built upon considerations of comity as well as judicial and litigant economy, seeks the combination of "all disputes arising from common subject matter in a single lawsuit, rather than allowing parallel cases to proceed separately." *Mitek Sys.*, 2012 WL 3777423, at *1. The rule has been applied in situations where the filing of a declaratory action in one court was followed by the commencement of a mirror-image patent infringement suit in another. *See Genentech*, 998 F.2d at 935.

"Exceptions [to the first filed-rule], however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum." *Id.* at 937 (citing *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081–83 (Fed. Cir. 1989)). For example, in determining whether to apply the doctrine, "a district court may consider whether a party intended to preempt another's infringement suit." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *see also Mitek Sys.*, 2012 WL 3777423, at *1 ("[A] court may consider the bad faith or anticipatory nature of a declaratory judgment action as a factor in determining whether an exception to the first-filed rule is applicable . . . ."). Likewise, evidence of forum shopping by the first-filing party may justify dismissal or transfer of that action. *See Genentech*, 998 F.2d at 938.

B.  Transfer Pursuant to 28 U.S.C. § 1404

28 U.S.C. § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* The Third Circuit has explained that, in weighing a motion to transfer, a court has "broad discretion to determine, on an individualized, case-by-case basis,

whether convenience and fairness considerations weigh in favor of transfer."[3] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). The court engages in a two-step inquiry, asking first whether the action could have been brought originally in the proposed transferee forum and then whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice. *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012). It is the defendant's burden to show that transfer is appropriate at each step, *Jumara*, 55 F.3d at 879–80, and, generally "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV. DISCUSSION

The court will first consider whether this action should be dismissed in exercise of the court's discretion. Finding that such dismissal is warranted, the court will not proceed to the alternative question of transfer under 28 U.S.C. § 1404(a).

    A.   Discretionary Dismissal is Proper

NAI argues that the court should exercise its discretion under the Declaratory Judgment Act and dismiss this suit in favor of the parallel Texas action. (D.I. 7 at 10.) Woodbolt, however, rightly points out that the court's discretion in this area is not absolute. As noted above, the court can neither dismiss a declaratory judgment action based upon "whim or personal disinclination" nor dismiss "merely because a parallel patent infringement suit was subsequently filed in another district." *EMC Corp.*, 89 F.3d at 813. Indeed, the Federal Circuit generally

---

[3] Third Circuit law governs the court's decision on a motion to transfer pursuant to 28 U.S.C. § 1404(a). *In re Link—A—Media Devices Corp.*, 662 F.3d 1221, 1222–23 (Fed. Cir. 2011) ("In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit . . . ."); *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-462-GMS, 2012 WL 3777423, at *4, n.6 (D. Del. Aug. 30, 2012).

applies the first-filed doctrine in such circumstances and favors proceeding in the forum of the original suit. *See Genentech, Inc.*, 998 F.2d at 937. Precedent suggests that courts might look to various convenience factors in determining whether dismissal is appropriate. Among these factors are the convenience of the parties, the location of witnesses, the location of documentary evidence, and the potential for consolidation with related litigation. *See Serco Servs. Co.*, 51 F.3d at 1040 (citing *Genentech*, 998 F.2d at 938).

Here, the court cannot find that its resources or those of the litigants would be well spent by permitting this action to proceed. The court first notes that Texas likely represents a more convenient forum for both parties—Woodbolt's principal place of business is in Bryan, Texas, and NAI is headquartered in San Marcos, California, much closer to Texas than to Delaware. (D.I. 21 at ¶¶ 2–3.) As for the convenience and availability of witnesses, Woodbolt argues that all potential witnesses of whom it is aware are employed by one of the parties and can be compelled to testify in this district. (D.I. 13 at 17.) This, however, speaks only to the availability of the witnesses and not to the actual costs of arranging for their testimony in Delaware as opposed to in Texas. Given the parties' locations, it is reasonable to presume that it would be easier for these likely party witnesses to testify in the latter forum. It also would likely be more convenient for the parties to produce documents in Texas. In the 28 U.S.C. § 1404(a) transfer context, both the Federal Circuit and this court have recognized that, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Smart Audio Techs.*, 2012 WL 5865742 at * 9 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). In this case, the accused infringer, Woodbolt, is located in

Texas and presumably maintains its records in that state, suggesting that litigation in Texas would reduce the burdens of document production.[4] Finally, dismissing this suit would allow the Texas action, which has progressed more quickly, to proceed free from the specter of inconsistent judgments.[5] This is desirable on both comity and judicial economy grounds.

Woodbolt, however, points out that retention of this matter may also serve the interests of judicial economy. (D.I. 13 at 14.) The court is familiar with several arguably related patents from a previous case, and another declaratory judgment action currently pending before the court actually involves the '381 Patent itself.[6] (*Id.*; D.I. 17 at 4–6.) While the court credits this argument, it nevertheless believes that dismissal is proper given the private convenience factors discussed above, the interests of comity, and the even greater judicial economy that would likely result from allowing the further-developed Texas action to resolve the parties' disputes.

B.   The First-Filed Rule Does Not Preclude Dismissal

Woodbolt also emphasizes that this action was filed earlier than the parallel Texas suit and complains that there is no sound reason to deviate from the ordinary first-filed rule. (D.I. 13 at 10.) NAI responds that the first-filed rule should not be applied here, since (1) the two cases

---

[4] The court recognizes that technological advances in electronic document storage and transfer since the *Serco. Servs.* court noted this "document production" consideration may have reduced the usefulness of this factor. The Federal Circuit, however, recently announced that, in the § 1404(a) transfer context, "while advances in technology may alter the weight given to [the location of books and records factor], it is improper to ignore [that factor] entirely." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011). Given this pronouncement, the court will continue to consider the "document production" factor in this context as well.

[5] The docket from the Texas action reveals that summary judgment briefing is complete or nearly complete in that matter. The court also notes that it appears a judgment in the Texas action would fully resolve all the disputes presently before the court. Here, Woodbolt brings claims for a declaration of noninfringement of the '381 Patent, a declaration of invalidity of the '381 Patent, a declaration of unenforceability of the '381 Patent, violations of the Sherman Act, 15 U.S.C. § 2, and unfair competition for asserting the '381 Patent in bad faith. (D.I. 21.) All these claims are also plead as counterclaims in the Texas action. (*Natural Alternatives Int'l, Inc. v. Woodbolt Distribution, LLC*, No. 11-cv-04511, D.I. 50.)

[6] These related actions are titled, respectively, *Natural Alternatives Int'l Inc. v. Vital Pharms. Inc.*, No. 09-626-GMS and *DNP Int'l Co v. Natural Alternatives Int'l Inc.*, No. 11-1283-GMS.

were filed within a short time of each other, (2) the timing of Woodbolt's filing suggests anticipatory forum shopping, and (3) the aforementioned considerations of judicial economy, efficiency, and the interests of justice counsel against retention of this action. (D.I. 17 at 2–4.)

The court agrees with Woodbolt that the first-filed rule would generally apply in these circumstances—the two actions present identical issues of patent infringement and invalidity, and NAI admits that the case before this court was filed first. (D.I. 7 at 9; D.I. 13 at 10.) Woodbolt's commencement of this suit, however, appears to have been "anticipatory" and thus presents a common exception to the application of the doctrine. The court has recognized that "[a] suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Mitek Sys.*, 2012 WL 3777423, at *3 (quoting *Pittsburgh Logistics Sys. v. C.R. Eng., Inc.*, 669 F.Supp.2d 613, 623 (W.D. Pa. 2009)).

Here, the parties engaged in several discussions regarding NAI's allegations of patent infringement. (D.I. 21 at ¶ 51–52.) On December 6, 2011, NAI sent a "cease and desist" letter to Woodbolt and attached a draft Complaint, which NAI warned would be filed in the Southern District of Texas on December 9, 2011, absent a resolution of the dispute. (*Id.* at ¶ 51.) No agreement was reached by the December 9, 2011 deadline, but discussions continued between representatives of the parties on December 14 and December 19, 2011. (*Id.* at ¶ 52.) These talks also proved unsuccessful, and, on December 21, 2011, the parties were scheduled to participate in additional negotiations by telephone. (D.I. 8 at Ex. 9). Prior to that conference call, Woodbolt filed this action, which Woodbolt's counsel described that same day as a "precautionary measure in the event that the parties [were] unable to reach an amicable agreement." (*Id.*) When viewed

together, the parties' failed resolution attempts, NAI's presentation of its draft Complaint, and counsel for Woodbolt's statement that filing this action was a "precautionary measure," strongly suggest that a patent infringement suit from NAI was "imminent" within the meaning of the first-filed rule exception. While the court previously has observed that "accusations [of infringement] alone are not the same as actual threats of litigation," this case presents the latter—NAI expressly threatened Woodbolt with an infringement suit should negotiations prove unsuccessful, and there is little indication that the parties were, in fact, nearing a business resolution to the dispute. The court thus finds that the first-filed rule should not be applied here.[7]

The court will therefore exercise its discretion and dismiss this declaratory judgment action. The parallel litigation in the Southern District of Texas is further developed and is capable of resolving all the issues presented by this anticipatory suit. Moreover, allowing this dispute to proceed in Texas will conserve both judicial and litigant resources.

## V. CONCLUSION

For the foregoing reasons, the court will grant NAI's motion (D.I. 23) and order that this action be dismissed. Although a § 1404(a) transfer may also be appropriate in such cases of parallel litigation, *see, e.g.*, *Mitek Sys.*, 2012 WL 3777423, at *9, the court believes discretionary

---

[7] The court, of course, recognizes that determining an earlier declaratory judgment action to be "anticipatory" does not conclude the first-filed analysis. Rather, the Federal Circuit has explained that [intent to preempt an infringement suit] is "merely one factor in the analysis. Other factors include 'the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest.'" *Elecs. for Imaging*, 394 F.3d at 1347–48 (quoting *Genentech*, 998 F.2d at 938). Some of these convenience factors were addressed above in considering whether, even absent the first-filed issue, the court should dismiss this action. Just as they counseled dismissal there, these factors assist the court's analysis on this particular issue and lead to the conclusion that the first-filed rule should not be applied here.

dismissal is sufficient here.[8]

Dated: January 23, 2013

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[8] If the Texas action did not entirely overlap with this suit, the court, after performing a full transfer analysis, might have ordered that this case be transferred (rather than dismissed) to ensure that any additional claims would be fully aired in federal court. *See, e.g., Mitek Sys.*, 2012 WL 3777423, at *9; *Fuisz Pharma v. Theranos, Inc.*, No. 11-1061-SLR-CJB, 2012 WL 1820642, at *19 (D. Del. May 18, 2012), *recommendation accepted*, 2012 WL 2090622 (D. Del. June 7, 2012). As noted above, however, it appears that the Texas action is capable of resolving the entire dispute between the parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOODBOLT DISTRIBUTION, LLC d/b/a WOODBOLT INTERNATIONAL and CELLUCOR,<br><br>Plaintiff,<br><br>v.<br><br>NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 11-1266 GMS |

## ORDER

At Wilmington this 23rd day of January 2013, consistent with the memorandum opinion issued this same date, IT IS HEREBY ORDERED THAT:

1. The defendant's Motion to Dismiss or Transfer (D.I. 23) is GRANTED, and the above captioned action is hereby DISMISSED.

2. The plaintiff's Motion for Leave to File a Second Amended and Supplemental Complaint (D.I. 27) is DENIED AS MOOT.

3. The plaintiff's Motion to Stay Pending Reexamination (D.I. 29) is DENIED AS MOOT.

_____
CHIEF, UNITED STATES DISTRICT JUDGE